Filed 7/16/15  In re M.R. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re M.R., a Person Coming Under the Juvenile Court Law.

THE PEOPLE,

     Plaintiff and Respondent,

v.

M.R.,

     Defendant and Appellant.

E061547

(Super.Ct.No. RIJ1301229)

OPINION

APPEAL from the Superior Court of Riverside County.  Roger A. Luebs, Judge. Affirmed.

Michelle Rogers and Lindsey M. Ball, under appointments by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

After minor, M.R., pled guilty to second degree robbery and violated probation three times, the juvenile court ordered that he be placed on out-of-home probation, in a home or facility to be determined by the probation department. The probation department subsequently placed minor at a treatment facility.

On appeal, minor argues that the court erred by relying on the probation department's choice of out-of-home placement options and failing to consider placing him with his maternal aunt, a less restrictive alternative to a treatment facility. Minor also argues that the placement ruling was not supported by substantial evidence. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Minor's prior offense and probation violations*

In 2013 the Los Angeles County District Attorney filed a petition under Welfare and Institutions Code[1] section 602 alleging that minor committed second degree robbery, criminal threats, and dissuading a witness by force or threat, a serious felony. Minor pled no contest to the robbery charge and admitted the allegations in the petition. The remaining charges were dismissed. According to the probation officer's detention report, minor and a friend demanded a 12-year-old boy's scooter and, when the boy refused, minor's friend punched the boy several times and took the scooter. The boy tried to retrieve his scooter but minor pushed him and yelled, " 'SBK,' " the initials of a criminal

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

street gang in Azusa.  Minor and his friend told the boy that if he contacted the police, " 'SBK' would get him."  On August 20, 2013, the Los Angeles Juvenile Court declared minor a ward of the court under section 602 and placed him on in-home probation.  Over the next several months, minor violated probation four times.

The first violation occurred less than a month later, when minor ran away from home on September 24, 2013.  While this violation was pending, minor's family moved from Azusa to Corona, and his case was transferred to Riverside County.  The Riverside County Juvenile Court ordered minor to submit to drug testing.

Approximately five months later, minor was caught possessing marijuana at school.  The district attorney filed a second section 602 petition, and minor admitted the allegation.  On March 28, 2014, the court ordered minor be released to his mother, and placed in a "Wraparound" program.[2]  Within 24 hours of his release from juvenile hall, minor was offered and smoked marijuana; on April 7, 2014, minor tested positive for marijuana, his third probation violation.  Minor had not yet started Wraparound services.

2.    *The placement ruling*

At the section 777 hearing on minor's third probation violation, the court stated that it had reviewed three probation reports, including a dispositional memo, which "explore[d] several possible approaches to the minor's continued delinquent behavior but ultimately conclude[d] . . . that [out-of-home] placement in this case is appropriate."  The

_____

[2] The Wraparound program provides rehabilitative services to a minor and his or her family while the minor remains on in-home probation.

court stated that it was inclined to agree with the probation department's recommendation. Minor's counsel contested the recommendation on the ground that the probation department had not "exhausted all other possibilities" in terms of less restrictive alternatives. Minor called two Riverside County probation officers to testify regarding the placement recommendation.

Both probation officers testified that out-of-home placement was the most appropriate probation option for minor. In their opinion, minor was in immediate need of anger management and substance abuse services, which Wraparound could not provide, and minor's mother was incapable of adequately supervising him. The probation officers believed that minor would not be able to address his marijuana abuse issues successfully if he remained at home. Minor had been caught with marijuana at school and had smoked marijuana within 24 hours of his release from juvenile hall. The probation officers opined that minor's mother was incapable of adequately controlling his behavior. In support of this opinion, they cited ongoing child protection services and law enforcement investigations against mother that suggested she had exhibited poor parenting judgment. According to allegations in a police report, mother had furnished alcohol to minor and his friends and agreed to let R.M., a minor, borrow her car if he had sex with her.

Additionally, the probation officer who directly supervised minor believed that minor had issues with anger management. She testified that after minor was released from juvenile hall, he told her that he had sent R.M. a text stating that he was going to "stick him" for stealing his mother's car.

4

Based on minor's behavior and evidence of minor's mother's inappropriate parenting, the probation officers determined that minor's rehabilitative needs were too great and mother's discipline was too poor for him to remain on in-home probation. The probation officers testified that they did not investigate whether there were appropriate family members that minor could be placed with because his needs were immediate and the delay in finding a suitable relative could be too long.

During closing argument, minor's counsel argued that the probation department was required, and failed, to consider less restrictive placement options. Counsel stated that minor's mother had "informed [counsel] that her sister . . . who lives in Anaheim Hills could potentially be [the least restrictive] option." The district attorney argued that minor had repeatedly been warned that violating his probation could result in out-of-home placement and that minor had already been given a second chance when the court originally placed him in Wraparound.

The court ruled that out-of-home probation would be most beneficial to minor's rehabilitation. It stated, "looking at the situation right now, what I know about this minor, the minor's history, social history of the family, . . . my best judgment [is that] it seems to me for a number of reasons that placing the minor is in his best interest."

The court detailed the reasons why out-of-home probation was in minor's best interest. First, it found that minor's initial offenses were serious and gang-related, noting that "Los Angeles County gave serious consideration to placing the minor outside the home at that time." Second, it found that minor's mother had been ineffective in his rehabilitation. The court stated "We have lots of information about the minor being

5

essentially out of control and [m]other being unable to influence his behavior. . . . There's information suggesting that she may be having inappropriate relationships with minors . . . [and] making alcohol available to her son and minors." The court acknowledged that those allegations against mother had not been "proven beyond a reasonable doubt," but found them to be "sufficiently concerning" with regard to minor's rehabilitation.

The court found that minor's behavior during probation was a third ground for out-of-home placement. Citing to minor's marijuana use and "interest in taking revenge upon [another minor] who may have wronged or disrespected his family," it found that minor believed he could "game the system" and that he "has very little interest in following the Court's orders."

The court ordered minor to be placed in the out-of-home probation option of the probation department's choosing (i.e., "in a suitable foster, group home, relative home, county or private facility"). The probation department placed minor at Philos Adolescent Treatment Center. After being at Philos for less than a month, minor ran away, violating probation a fourth time. At the section 777 hearing for that violation, the court ordered minor to remain in the out-of-home placement deemed appropriate by the probation department.

## ANALYSIS

Minor argues that the court erred in relying on the probation department's selection of the particular out-of-home placement because the probation department failed to consider placing him with his maternal aunt as a less restrictive alternative. He

6

also argues that the placement ruling is not supported by substantial evidence. We disagree.

We review a placement ruling for abuse of discretion, "indulging all reasonable inferences to support the juvenile court's decision." (*In re Angela M.* (2003) 111 Cal.App.4th 1392, 1396.) A placement ruling is valid if there is evidence in the record "demonstrating both a probable benefit to the minor . . . and the inappropriateness or ineffectiveness of less restrictive alternatives." (*Ibid.*)

Here, there is substantial evidence in the record that out-of-home probation will be beneficial to minor and that in-home probation had proved ineffective and inappropriate. After reviewing the probation reports and hearing testimony from the probation officers, the court concluded that in-home probation had been ineffective and that minor's best chance of rehabilitation was through a "24-hour structured environment only available through placement outside the home."

The court did not simply follow the probation department's recommendation. Rather, the court thoroughly considered the evidence presented at the hearing and explicitly stated the grounds for its ruling. Specifically, it based its ruling on its findings that the nature of minor's prior offense was serious, that minor's mother had exhibited poor judgment and an inability to control his actions, and that during probation minor showed a disregard for the court's orders. These findings constitute substantial evidence that minor could not be successfully rehabilitated in-home and thus that out-of-home probation would be in minor's best interests.

Moreover, minor is incorrect that the probation department did not consider the less restrictive alternative of placement in a relative's home. The senior probation officer testified that the department had considered relative placement but had decided against it because minor's treatment needs were immediate and the delay in finding a suitable relative could be too long. Because the probation officer's testimony was before the court, the court is presumed to have also "considered and rejected" the option of placement in a relative's home. (*In re Teofilio A.* (1989) 210 Cal.App.3d 571, 577.)

In any event, there would be no error even if the court had not considered placing minor with a relative. This is because there is no requirement that a court must consider multiple less restrictive alternatives. Juvenile placements are "primarily 'rehabilitative' " and "juvenile placements need not follow any particular order under section 602 and section 777, including from the least to the most restrictive." (*In re Eddie M.* (2003) 31 Cal.4th 480, 507.) "Nor does the court necessarily abuse its discretion by ordering the most restrictive placement before other options have been tried." (*Ibid.*) Here, the court explicitly considered and rejected the less restrictive alternative of continued in-home probation. It was not then required to consider an intermediary placement option between in-home probation and a treatment facility.

Next, minor claims that the court relied on improper evidence in out-of-home probation. We disagree with each of minor's arguments and address them in turn.

First, minor incorrectly contends that the court was not allowed to consider the probation officers' testimony about law enforcement's pending investigation into mother's allegedly inappropriate behavior because it was "unsubstantiated hearsay." In

8

fact, a juvenile court is authorized to consider otherwise inadmissible hearsay at a disposition hearing so long as it is relevant and material to the disposition. (§§ 706, 725.5; *In re Michael V.* (1986) 178 Cal.App.3d 159, 170.) The information contained in the police report was directly relevant to mother's ability to make appropriate parenting decisions, which is a material consideration in determining whether in-home placement would be effective for minor's rehabilitation. The court acknowledged that the information about minor's mother was hearsay; however, it nevertheless found that information was "sufficiently concerning" with regard to her judgment as a parent, and therefore her ability to provide a rehabilitative environment for minor.

Second, minor contends that the court improperly based its conclusion that in-home probation would be ineffective on his gang affiliation, his father's gang affiliation, and his mother's decision to have a child with a gang member. Minor is incorrect. As stated *ante*, the court based its ruling on its findings that minor's robbery was a serious offense, minor was unwilling to follow the court's orders, and minor's mother was incapable of providing an environment where he could successfully rehabilitate. The court did not find that minor was currently affiliated with a gang; instead, it found that minor was affiliated with a gang at the time he committed the robbery. Additionally, the court referenced father's gang affiliation and mother's relationship with father only to provide background on minor's family history to its ruling. The court did not find or base its ruling on the fact that father was affiliated with a gang or mother's decision to have a child with father affected her ability to provide a rehabilitative environment for minor.

Third, minor asserts that the court's finding that he had a " 'history of serious offenses' " was not supported by substantial evidence. We disagree. Minor admitted that he robbed a 12-year-old boy then threatened retribution from his gang if the boy contacted the police. Minor has also admitted that he used to smoke marijuana on a daily basis and used to sell cocaine. Moreover, two of minor's probation violations involved marijuana. While all of these offenses may not be violent in nature, they are serious and show a lack of concern for the court's prior orders.

We conclude that the court's placement ruling was a valid exercise of its discretion and was supported by substantial evidence. Because we find no error in the court's ruling, we need not address minor's argument that the cumulative effect of the court's errors amounts to reversible error.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.

10